IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAN ARAUJO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER IN CHARGE ICE, et al. | : | NO. 26-6974 |

ORDER

AND NOW, this 22nd day of September 2026, based on the undisputed facts and for the reasons stated in Buele Morocho v. Warden Phila. FDC, No. 26-1150, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026) it is hereby ORDERED that:

(1) the Petition for Writ of Habeas Corpus by Adan Araujo is GRANTED;

(2) Adan Araujo is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3) The Government did not provide Aran Araujo with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge determined whether detention was warranted pending the resolution of his removal proceedings;

(4) The Government shall RELEASE Adan Araujo from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 12:00 P.M. EST on September 23, 2026;

(5) Upon his release, the Government is required to return any personal property of Adan Araujo, including his identification documents, and any other belonging that he had on his possession when detained;

(6) The Government is temporarily enjoined from re-detaining Adan Araujo for seven days following his release from custody;

(7) If the Government chooses to pursue re-detention of Adan Araujo after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(8) Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Adan Araujo from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Adan Araujo is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Adan Araujo if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and to permit his transfer; and

(9) The clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ Harvey Bartle III
J.