IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ADAN ARAUJO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER IN CHARGE ICE, et al. | : | NO. 26-6974 |

MEMORANDUM

Bartle, J. October 26, 2026

Petitioner David Adan Araujo brings this Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241, challenging his detention by the Department of Homeland Security at the Federal Detention Center in Philadelphia.[1] He argues his detention under 8 U.S.C. §1226(a) violates the Due Process Clause of the Constitution because it occurred without a valid warrant and without an individualized determination of flight risk or dangerousness.

I

Petitioner, a citizen of Uruguay, was admitted into the United States under the Visa Waiver Program on March 25,

1. Respondents are Warden, Federal Detention Center, Philadelphia, Officer-In-Charge / Supervisory Detention & Deportation Officer ICE, USCIS Philadelphia Field Office; Brian McShane, Acting Field Office Director of the Philadelphia Field Office for U.S. Immigration and Customs Enforcement; Todd Blanche, Attorney General of the United States; Markwayne Mullin, Secretary of Homeland Security; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; and Michael Catalano, USCIS Philadelphia Field Office Director.

2003 and has lived here continuously since that date. Petitioner appeared at the United States Citizenship and Immigration Services Philadelphia Field Office on September 11, 2026 for a scheduled interview related to his pending application to adjust his status. ICE officers detained him at approximately 9:30 a.m. At 1:15 p.m. respondents issued a Form I-286 Notice of Custody Determination ordering Petitioner held pending a final administrative determination. At 2:55 p.m. respondents issued a notice of intent to issue a final administrative removal order under the Visa Waiver Program. Later that day, respondents issued a summary removal order under the Visa Waiver Program.

Petitioner originally filed a petition for writ of habeas corpus in this court on September 11, 2026. On September 30, 2026, he petitioned the United States Court of Appeals for the Third Circuit for review of the final administrative removal order under the Visa Waiver Program. That Court temporarily granted the motion for stay of removal while it considered the merits. David Adan Araujo v. Attorney General United States of America, No. 26-3458, Doc. # 6-2 (3d Cir. Sep. 30, 2026). While it is considering the motion, petitioner filed this Amended Petition for Writ of Habeas Corpus with this court.

This court has jurisdiction over the Amended Petition for Writ of Habeas Corpus as it does not undermine the

petitioner's motion for review of the final administrative removal order in the United States Court of Appeals for the Third Circuit. David Adan Araujo v. Attorney General United States of America, No. 26-3458 (3d Cir. Sep. 30, 2026). That matter concerns whether the Department of Homeland Security's Final Administrative Removal Order of petitioner for allegedly violating the Visa Waiver Program is lawful. In contrast, the Amended Petition for Writ of Habeas Corpus concerns whether it is lawful to detain petitioner under 8 U.S.C. § 1226(a) during the Third Circuit's consideration of the removal order.

II

Petitioner argues, and the court agrees, that his detention under 8 U.S.C. § 1226(a) violates the Due Process Clause. Both parties agree that any authority to detain petitioner during the Third Circuit's temporary stay of removal of the final administrative order must arise out of 8 U.S.C. § 1226(a). Therefore, respondents must comply with what § 1226(a) requires: an initial custody determination based on an individualized determination of flight risk or dangerousness. Lopez-Abello v. Jamison, No. 26-cv-6752, 2026 WL 2981935 (E.D. Pa. Oct. 5, 2026); Dos Reis v. McShane, No. 26-cv-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026). Here, there was no individualized determination.

Respondents maintain that petitioner must first exhaust his administrative remedies. Any requirement for petitioner to do so is excused because petitioner, on September 11, 2026, requested review by an immigration judge of his custody determination based on the I-286 form, but the review has not occurred. Moreover, in cases like these where a petitioner challenges the legality of the initial deprivation of liberty, "[a] later bond hearing does not necessarily cure the alleged constitutional violation that preceded it." Dos Reis, No. 26-cv-3775, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026).

Detention under 8 U.S.C § 1226(a) is authorized only "[o]n a warrant issued by the Attorney General." Here, the court is not convinced that any valid warrant exists. Respondents point only to an I-200 form issued January 30, 2020, over six years ago. Respondents have not provided any charging documents or evidence of removal proceedings related to this I-200 form. The final administrative removal order currently being challenged in the Court of Appeals is based on violation of the Visa Waiver Program, not the I-200 form.

Regardless of whether there exists a valid warrant issued by the Attorney General, detention under 8 U.S.C § 1226(a) is invalid in this case because there was no individualized custody determination, especially with respect to whether petitioner was a flight risk or danger to the community.

Detention without such determination violates petitioner's due process rights. Dos Reis, No. 26-cv-3775, 2026 WL 1746649, at *5-6 (E.D. Pa. June 17, 2026); Torres Guevara v. Warden of Fed. Det. Ctr. Phila., 2026 U.S. Dist. LEXIS 215369, *7-9 (2026).

Accordingly, the Court will grant Petitioner's Amended Petition for Writ of Habeas Corpus and order his immediate release.